UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

KAREEM DAVIS,

                                           Plaintiff,

                    -AGAINST-

THE CITY OF NEW YORK, POLICE OFFICER JAMES
CONOGHAN, POLICE OFFICER COLIN SPARKS,
POLICE OFFICER ROBERT PATTERSON, AND
DETECTIVE JOHN ACONI, EMPLOYEES OF THE
NEW YORK CITY POLICE DEPARTMENT ,

                                            Defendants.

---------------------------------------------------------------------- x

**ANSWER TO PLAINTIFF'S COMPLAINT**

16-CV-2754(FB)(RML)

**JURY TRIAL DEMAND**

       Defendant City of New York, James Conaghan, Colin Sparks, Robert Patterson and John Aconi for their answer to the Plaintiff's Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

       1.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint, except admit that Plaintiff purports to proceed as stated therein.

       2.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "2" of the complaint, except admit that Plaintiff purports to proceed as stated therein.

       3.    Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "3" of the complaint, except admit that Plaintiff purports to proceed as stated therein.

4.      Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "4" of the complaint.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to laws of the State of New York and maintains a police department.

6.      The allegations set forth in paragraph "6" contain legal conclusions to which no response is required.   Notwithstanding and to the extent a response is required, defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint, except admit that James Conaghan, Colin Sparks, Robert Patterson, and John Aconi were employee by the City of New York as members of the New York City Police Department at the time of the incident alleged in the complaint.

7.      The allegations set forth in paragraph "7" contain legal conclusions to which no response is required.

8.      The allegations set forth in paragraph "8" contain legal conclusions to which no response is required.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that a purported Notice of Claim was received by the City of New York.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that a purported Notice of Claim was received by the City of New York.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that a purported Notice of Claim was received by the City of New York.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit that a purported Notice of Claim was received by the City of New York and that it was assigned claim number 2015PI009943.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that a purported Notice of Claim was received by the City of New York and the claim was not settled.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint.

29.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35" inclusive of its answer, as is fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "39" inclusive of its answer, as is fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "42" inclusive of its answer, as is fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46" inclusive of its answer, as is fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "49" inclusive of its answer, as is fully set forth herein.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "52" inclusive of its answer, as is fully set forth herein.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "55" inclusive of its answer, as is fully set forth herein.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "58" inclusive of its answer, as is fully set forth herein.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "63" inclusive of its answer, as is fully set forth herein.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65" inclusive of its answer, as is fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     In response to the allegations set forth in paragraph "70" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "69" inclusive of its answer, as is fully set forth herein.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "72" inclusive of its answer, as is fully set forth herein.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

78.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

79.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57. At all times relevant to the incident, Defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City is entitled to governmental immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

58. Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

59. There was probable cause for Plaintiff's arrest, detention, and any purported prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

60. Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

61. Plaintiff's claims may in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

62. Plaintiff has failed to comply with conditions precedent to suit, including General Municipal Law § 50-e, § 50-h and § 50-i.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

63. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

## **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

64.     At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## **AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:**

65.     Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

## **AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE:**

66.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** Defendants City of New York, Conaghan, Sparks, Patterson and Aconi request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:      New York, New York
            January 5, 2017


                        Zachary W. Carter
                        Corporation Counsel of the City of New York
                        100 Church Street Rm. 3-200
                        New York, NY 10007


                        By:      _____/s/_____
                                 Beth Hoffman
                                 Senior Counsel


To:      Matthew Flamm, Esq. (By ECF)
         *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE BROWNING,

PLAINTIFF,

-AGAINST-

THE CITY OF NEW YORK, ET AL.,

DEFENDANTS.

**ANSWER TO THE COMPLAINT ON BEHALF OF
DEFENDANTS CITY OF NEW YORK**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*New York, N.Y.  10007*

*Of Counsel: Beth Hoffman*
*Tel:  (212) 356-2372*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2015*

*.................................................................... Esq.*

*Attorney for .........................................................*