UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAREEM DAVIS,

                          Plaintiff,                       <u>FIRST AMENDEDCOMPLAINT</u>
                                                         16 CV 2754 (FB)(RML)

               -against-

THE CITY OF NEW YORK, Police Officer JAMES
CONAGHAN, Police Officer COLIN SPARKS, Police
Officer ROBERT PATTERSON, and Detective JOHN       Jury Trial Demanded
ACCONI, employees of the New York City Police
Department,

                          Defendants.

------------------------------------------------------------------X

      KAREEM DAVIS, by his attorney, The Law Office of Matthew Flamm, alleges the

following upon information and belief as his First Amended Complaint.

<u>Nature of the Action</u>

      1.      This civil rights action arises from the July 25, 2012 unlawful stop, arrest, and

resulting imprisonment and prosecution of Kareem Davis by New York City Police Officers.  Mr.

Davis was imprisoned from July 25, 2012 until after his March 2, 2015 acquittal on the false

charge of criminal possession of a weapon.  This action arises under the United States

Constitution's Fourth, Sixth, and Fourteenth Amendments and New York State common law.

Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42

U.S.C. §1983.

Jurisdiction

2.      This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and asks that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

Venue

3.      Venue is proper in the Eastern District of New York because events or omissions giving rise to the claim occurred in that judicial District.

Parties

4.      Plaintiff KAREEM DAVIS  is a thirty-eight year old African American male citizen of the United States who at all times relevant lived with his wife and two children in the State and City of New York, County of Queens.

5.      Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the individual defendants more fully identified below.

6.      Defendants Police Officer JAMES CONAGHAN, Police Officer COLIN SPARKS, Police Officer ROBERT PATTERSON, and Detective JOHN ACCONI, at all times relevant herein, were employees and agents of the New York City Police Department.  On July 25,

2012, they were, upon information and belief, assigned to the 107th Precinct in Queens, New York.

7.     At all times relevant herein, defendants CONAGHAN, SPARKS, PATTERSON, and ACCONI (together "the individual defendants") were acting within the scope of their employment by the City of New York's Police Department.

8.     At all times relevant, the individual defendants were acting under color of state law.

9.     The individual defendants are liable for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Davis was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

<u>Notice of Claim</u>

10.     On or about April 1, 2015, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11.     The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13.     The New York City Comptroller's Office assigned the case claim number 2015PI009943.

14.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

15.     This action was commenced within one year and ninety days after the happening of events upon which the claims are based.

Facts Underlying
Plaintiff's Claims

16.     On July 25, 2012 at approximately 1:50 a.m., Kareem Davis was lawfully driving an automobile and returning home when he was stopped by defendants Conaghan, Sparks, and Patterson at or around the intersection of Highland Avenue and 164th Street in Queens, New York.

17.     The individual defendants falsely claim that Mr. Davis failed to signal a turn. Defendant Conaghan did and continues to falsely claim that he observed Mr. Davis attempt to secrete a pistol and that the pistol was recovered from under the front passenger seat of the automobile plaintiff was driving.

18.     Mr. Davis had done nothing unlawful, and the individual defendants had not seen plaintiff do anything unlawful and had no reasonable basis to believe that Mr. Davis unlawfully possessed a firearm.

19.     During the automobile stop, Mr. Davis was aggressively pulled from the auto and forced to the ground where defendant Sparks put his firearm to plaintiff's head and threatened to shoot him.  Individual defendants cursed at plaintiff and directed racial remarks at him.  Plaintiff was kicked and punched, and he was cuffed purposefully tightly, among other things.

–4–

20.     Plaintiff was taken to the 107th Precinct Stationhouse.

21.     While plaintiff was at the Stationhouse, defendants, including defendant Acconi arranged and administered multiple line-ups in an effort to implicate Mr. Davis in a pattern of gas station robberies.

22.     Only one of the purported witnesses identified Mr. Davis as involved in an attempted robbery, and that identification procedure, administered by defendant Acconi, was unconstitutional and unduly suggestive.  During that lineup, it was improperly suggested to the witness to identify plaintiff as the person involved in that attempted robbery.  None of the other purported witnesses identified Mr. Davis in the other lineups.

23.     At the time a purported witness identified plaintiff as a person involved in an attempted robbery, defendant City of New York, through its police officers, knew or should have known of the materially impeaching circumstances or grounds for questioning the credibility or reliability of the so-called identification.

24.     While Mr. Davis was at the Stationhouse, individual defendants prepared or allowed to be prepared false police reports accusing Mr. Davis of various crimes, including criminal possession of a weapon, resisting arrest, and attempted robbery.

25.     Mr. Davis was eventually taken to Queens Central Booking to await arraignment.

26.     While Mr. Davis was awaiting arraignment, individual defendants presented or allowed to be presented false evidence to the Queens County District Attorney's Office.

27.     The misrepresentations caused plaintiff's prosecution under Queens County Criminal Court Docket Numbers 2012QN039954 and 2012QN039956 on false charges of, among

other things, criminal possession of a weapon, attempted robbery in the first degree, and resisting arrest.

28.    Mr. Davis was arraigned on the charges and, based on false evidence presented by the defendants, was, upon information and belief, remanded without bail.

29.    Plaintiff remained jailed on Rikers Island for the next two and one half years.

30.    Individual defendants testified before a Grand Jury and caused or allowed Mr. Davis to be indicted on or about July 30, 2012 on a single charge of criminal possession of a weapon in the second degree.

31.    The Grand Jury did not indict Mr. Davis for attempted robbery in the first degree, resisting arrest, or any charge other than the weapons possession charge.

32.    The individual defendants and other employees of defendant City of New York caused or allowed plaintiff to be prosecuted by the Office of the District Attorney of Queens County on the false charge under Indictment Number 02049-2012.

33.    The false evidence was prepared in aid and furtherance of the prosecution against Mr. Davis.

34.    On March 2, 2015, Kareem Davis was acquitted at trial by a jury.

35.    Mr. Davis was thereafter released from City custody.

36.    The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Davis was subjected.

37.    The individual defendants' acts and omissions caused Kareem Davis to suffer loss of liberty, physical injury, mental and emotional upset and trauma, fear, humiliation, and

–6–

deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities and debasement of being imprisoned on false charges for more than thirty one months.

38.     The individual defendants, in stopping, arresting, imprisoning, prosecuting, and offering false evidence to the District Attorney, Criminal Court Judges, and Jurors, acted with casual and abusive disregard for the plaintiff's rights and well-being, and acted intentionally, willfully, maliciously, with reckless disregard and deliberate indifference.

### FIRST CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
### UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

39.     Plaintiff repeats the foregoing allegations as though fully stated herein.

40.     By the actions described above, the individual defendants deprived Mr. Davis of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from being stopped and searched without reasonable suspicion.

41.     By the actions described above, the defendants deprived Mr. Davis of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest, except on probable cause or pursuant to a warrant.

42.     Plaintiff was thereby unlawfully stopped, detained. arrested, imprisoned, and searched, and, as a consequence thereof, Kareem Davis has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE ARREST AND IMPRISONMENT

43.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

44.     By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed.  Plaintiff was aware of and did not consent to the confinement.  Plaintiff was thereby falsely arrested and imprisoned.

45.     As a consequence thereof, Kareem Davis has been injured.


THIRD CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

46.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

47.     By the conduct described herein, the individual defendants are liable to plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48.     The individual defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Davis without probable cause and with actual malice. The prosecution caused Mr. Davis's liberty to be deprived.  The prosecution terminated in Mr. Davis's favor.

49.     As a consequence thereof, Kareem Davis has been injured.

–8–

<u>FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION</u>

50.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

51.     By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in a manner not inconsistent with innocence.

52.     As a consequence thereof, Kareem Davis has been injured.

FIFTH CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
<u>AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

53.     The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

54.     Defendant Conaghan, Sparks, and Patterson violated the Fourth and Fourteenth Amendments by using unreasonable force on Kareem Davis.

55.     As a consequence thereof, Kareem Davis was injured.

<u>SIXTH CLAIM FOR RELIEF FOR ASSAULT</u>

56.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

57.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

58.     As a consequence thereof, Kareem Davis has been injured.

## SEVENTH CLAIM FOR RELIEF FOR BATTERY

59.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

60.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

61.     As a consequence thereof, Kareem Davis has been injured.

## EIGHTH CLAIM FOR RELIEF FOR
## DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     Individual defendants created false evidence against plaintiff.

64.     Individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office, the Clerk of the Criminal Court, and to Criminal Court Judges.

65.     Defendant Acconi and other employees of defendant City of New York used unduly suggestive identification technique to induce witnesses to make out-of-court identifications of Mr. Davis.

66.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors and Judges, individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

67.     As a consequence thereof, Kareem Davis has been injured.

## NINTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
## TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

68.     Plaintiff repeats the foregoing allegations as though fully stated herein.

69.     The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Davis was subjected, despite having a reasonable opportunity to do so.

70.     As a consequence thereof Kareem Davis has been injured.

<u>TENTH CLAIM FOR RELIEF FOR NEGLIGENCE</u>

71.     The plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who unlawfully stop, arrest, assault, and make false allegations.

73.     The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, uses of force, and lodging of false allegations, and allowed the individual defendants to believe that they could with impunity abuse, arrest, and prosecute Mr. Davis.

74.     Defendant City's negligence in screening, hiring, training, disciplining, monitoring, and retaining the defendants proximately caused Plaintiff's injuries.

75.     As a consequence thereof, Kareem Davis has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that plaintiff's

rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution

were violated and

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct

complained of herein, punitive damages from individual defendants in an amount to

be fixed at trial;

(C)     An award to plaintiff of attorney's fees and costs and disbursements under 42

U.S.C. §1988; and

(D)     Such other and further relief as this Court may deem just and proper.


Dated: March 3, 2017
        Brooklyn, New York

                            Law Office of Matthew Flamm
                             *Attorney for Plaintiff*
                            26 Court Street, Suite 2208
                            Brooklyn, New York 11242
                            (718) 797-3117
                            *matthewflamm@msn.com*


                            By: Matthew Flamm

–12–